## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial but are sufficient to prove the crimes of conspiracy to commit bank fraud and aggravated identity theft.*

From in or around December 2016 through in or around April 2017, in the District of Maryland and elsewhere, Defendant **Kokou Azinabidji**, a/k/a "Chairman," a/k/a "John," ("**AZIANBIDJI**"), along with co-conspirators **Kelvin Asare** ("**Asare**"), **Samuel Attakora** ("**Attakora**"), **Valerie Hughes** ("**Hughes**"), **Francis Arthur** ("**Arthur**"), and **Gifty Amponsah** ("**Amponsah**"), did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds, credits, assets, and securities owned by and under the custody and control of the financial institutions, including Nymeo Federal Credit Union ("Nymeo"), by means of materially false and fraudulent pretenses, representations, and promises (the "scheme to defraud"), in violation of Title 18, United States Code, Section 1349.

Nymeo was a financial institution that provides a wide range of financial services to its members. Nymeo's members' deposits are insured by the United States Government via the National Credit Union Insurance Fund.

**Amponsah** and others recruited **AZIANBIDJI** to impersonate Victim 1, in person, at a physical branch of Nymeo in order to initiate and attempt to initiate fraudulent transactions, including wire transfers and counter withdrawals. **AZIANBIDJI** and **Asare** further discussed the details of the scheme when **Asare** visited **AZIANBIDJI** in New York City. In furtherance of the scheme, **AZIANBIDJI** sent **Asare** a passport-type photo of himself to be used on the counterfeit Maryland driver's license that was being created in the name of the Victim 1. On February 24, 2017, **Asare** and **Attakora** drove **AZIANBIDJI** to a branch of Nymeo in Gaithersburg, Maryland. **AZIANBIDJI** entered the bank and approached Nymeo employee **Hughes** with a completed wire transfer form requesting the transfer of $327,000 from the account of Victim 1 to a Wells Fargo account held in the name of Anivac Inc. ("Anivac") and controlled by **Arthur**. **AZIANBIDJI** also handed **Hughes** a counterfeit Maryland driver's license in the name of Victim 1, bearing **AZIANBIDJI**'s picture and several authentication features including a hologram picture of **AZIANBIDJI**. After the wire transfer was completed, **AZIANBIDJI** also made a cash withdrawal of $6,000 from the account of Victim 1. Victim 1 was unaware of the wire transfer or the cash withdrawals, and had not authorized any of these transactions or the use of his name or driver's license information.

On February 28, 2017, **AZIANBIDJI** received a cashier's check payable to a business he controlled in the amount of $38,500. The cashier's check was obtained by **Amponsah** and the money was part of the proceeds from the bank fraud scheme.

On March 9, 2017, **AZIANBIDJI** returned to the Gaithersburg Branch of Nymeo. This time, **AZIANBIDJI** requested an $80,000 wire transfer from Victim 1's account to the account of Anivac. **AZIANBIDJI** also requested a $6,000 withdrawal from Victim 1's account. The wire transfer was not completed because another Nymeo employee recognized that **AZIANBIDJI** was not Victim 1, but **AZIANBIDJI** was able to withdraw $6,000, and left Nymeo with this sum. Nymeo retained the counterfeit Maryland driver's license that was presented to **Hughes** by **AZIANBIDJI** and contained **AZIANBIDJI**'s picture, Victim 1's name, and a hologram picture of **AZIANBIDJI**.

The name of Victim 1 was a means of identification of another person and was trafficked and used without lawful authority.

SO STIPULATED:

_____
Bryan E. Foreman
Assistant United States Attorney

_____
Kokou Azianbidji
Defendant

_____
Joseph R. Conte
Counsel for Defendant